[No. 26257. Department Two. December 14, 1936.]

RAY R. YATES *et al., Respondents,* v. E. R. WELLS *et al., Appellants.*[2]

*Bruce E. McGregor,* for appellants.
*Andrew Brown,* for respondents.

TOLMAN, J.—This is an action to foreclose a lien for labor and material based upon the theory that, by agreement of the parties, the plaintiffs were to be paid for the labor and materials employed and used in constructing the contemplated improvement. The defense was based upon the theory that, by agreement, the plaintiffs were to furnish both labor and material for the lump sum of two hundred dollars plus the reasonable value of extras which might be ordered.

After trial on the merits, the trial court found in accordance with the plaintiffs' theory, and that they had furnished materials

[1]Reported in 63 P. (2d) 418.
[2]Reported in 62 P. (2d) 1354.

of the reasonable value of $246.63 and labor of the reasonable value of $215.50. From the total of these items, there was deducted $75 because of unfinished or improper work. The lien was established on a part, only, of the real property described in the lien notice, and it was ordered foreclosed for the amount indicated, plus costs and attorney's fees. The defendants have appealed.

Assignments of error numbered one and two raise questions of fact regarding the terms of the employment, i. e., as to whether it was to furnish labor and material for the reasonable value thereof or to perform a certain job for a lump sum. A careful reading and weighing of all of the testimony convinces us that the evidence does not preponderate against the findings of the trial court in that respect.

Assignments of error numbered three, four, and five, go to the question of whether or not the appellants made such an offer or tender before or shortly after the lien was filed as would justify a court of equity in refusing to enforce the lien. The court found that no money was ever tendered and no offer was at any time made of a sum greater than $330, which was not sufficient. Again the evidence does not preponderate against such findings, and we cannot interfere.

In this connection, it seems to be urged that the lien as filed was willfully and maliciously made to cover very much more real estate than was necessary or proper; which fact, if it be a fact, is also urged in support of a claim that the appellants were injured by the excessive lien claim and should have been allowed damages therefor. It does appear that the lien was foreclosed on only a part of the real estate described in the lien claim, but it does not appear that the excessive claim was made willfully or maliciously, or that the supposed excessive claim was ever brought to the attention of the trial court in any manner until the case was finally submitted to him on the merits. Moreover, the court found that this claim for damages was not sustained by the evidence, with which finding we are forced to agree.

We find no error in the allowance of an attorney's fee of $75 or in the refusal to grant a new trial.

The judgment is affirmed.

MILLARD, C. J., HOLCOMB, MITCHELL. and BEALS, JJ., concur.